BLD-123                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3536
_____

UNITED STATES OF AMERICA

v.

JORGE FIGUEROA,
                            Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-91-cr-00518-001)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 18, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: March 30, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jorge Figueroa appeals from the District Court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1). In 1991, Figueroa pleaded guilty in the Eastern District of Pennsylvania to a four-count indictment charging him with conspiracy to import and distribute cocaine, importation of cocaine, aiding and abetting the importation of cocaine, and interstate travel in aid of racketeering enterprises. The factual basis of his guilty plea included his statements to undercover agents regarding his efforts "to establish Philadelphia as a major port of entry for cocaine of the Cali cartel of [Colombia]." United States v. Figueroa, No. 91-518-01, 1992 WL 301285, at *3 (E.D. Pa. Oct. 14, 1992). The District Court imposed a life sentence, and this Court affirmed the District Court's judgment. United States v. Figueroa, 8 F.3d 813 (3d Cir. 1993) (TABLE). In 1996, Figueroa filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 505 to the Sentencing Guidelines. The District Court denied the motion, because the amendment had no impact on his base offense level or resulting sentence. United States v. Figueroa, No. 91-518-1, 1996 WL 426690, at *1 (E.D. Pa. July 29, 1996). In 2019, Figueroa filed another § 3582(c)(2) motion, this time based on Guidelines Amendment 782. The District Court determined that Amendment 782 reduces Figueroa's Guideline range to 360 months to life in prison but concluded that no sentence reduction was warranted after consideration of the relevant factors of § 3553(a). Thus, on January 30, 2019, the District Court denied Figueroa's motion, and Figueroa did not appeal.

In June 2020, after unsuccessfully pursuing relief with the Bureau of Prisons, Figueroa filed a pro se motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons." He presented information concerning his various medical conditions and other factors, including the time already served (nearly 30 years), his age (60 years old), his family support, and the non-violent nature of his offenses. On June 30, 2020, citing its Administrative Standing Order—In re Section 603(b) Relief under First Step Act (E.D. Pa. May 15, 2019), the District Court referred Figueroa's pro se motion to the Federal Community Defender Office to determine whether it would represent Figueroa. The Federal Defenders accepted the appointment and filed another § 3582(c)(1)(A)(i) motion and supporting memorandum on Figueroa's behalf. Through appointed counsel, Figueroa argued that his health conditions, considered with the COVID-19 pandemic, presented an extraordinary circumstance justifying a sentence reduction. In particular, Figueroa stated that he is a thyroid cancer survivor, is obese, has hypertension and glaucoma, and had a surgically-treated hernia. Figueroa also argued that he had demonstrated rehabilitation while in prison, noting, among other things, that he has completed an associate degree and is close to completing a bachelor's degree. The Government opposed Figueroa's motion.

The District Court denied Figueroa's motion for compassionate release. While acknowledging that Figueroa's obesity and high blood pressure may place him at increased risk of an adverse outcome from COVID-19, the District Court found that Figueroa's body mass index indicates that he is only slightly obese, and that he takes medication to regulate his high blood pressure. Considering his other conditions, his age,

3

and his lack of other risk factors, the District Court concluded that Figueroa's medical conditions fell short of presenting an extraordinary and compelling reason to justify compassionate release.

Further, even assuming the existence of extraordinary and compelling reasons, and even considering Figueroa's positive accomplishments in prison, the District Court considered the 18 U.S.C. § 3553(a) sentencing factors and still concluded that compassionate release was not warranted. Specifically, the District Court noted Figueroa's offense conduct, along with the fact between 2000 and 2005—while in federal prison—he engaged in another conspiracy to bring cocaine from Colombia into the United States, resulting in another criminal conviction in the Eastern District of New York. The District Court also noted that if Figueroa's motion were granted, Figueroa would have served 29 years of a life sentence imposed at age 32, and slightly more than half of the 262-month sentence imposed for the Eastern District of New York case, which "would undermine the need for the sentence to deter others from engaging in large-scale narcotics trafficking (to say nothing of how release would undermine the need to deter future crimes Figueroa himself might well commit)." (Dist. Ct. Nov. 4, 2020 Mem. at 6.) Moreover, the District Court rejected Figueroa's argument that the likelihood that he would face deportation upon his release was a factor in favor of granting release, because release from prison would likely result in transfer to immigration detention, which posed its own risks to Figueroa's health. Figueroa filed a motion for reconsideration, which the District Court denied.

Figueroa filed a timely notice of appeal, as well as his opening brief. The Government filed a motion for summary affirmance, see 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6, and for permission to be relieved of its obligation to file a brief, see 3d Cir. L.A.R. 31.2. Figueroa filed a response in opposition to summary action.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion; "thus we will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (alteration, internal quotation, and citation omitted). We will take summary action if "no substantial question is presented." 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Despite the District Court's explanation of the Federal Defender's appointment by operation of the administrative standing order, Figueroa alleges that the District Court sua sponte appointed the Federal Defender in order to avoid consideration of his pro se motion for compassionate release. He also argues that his pro se motion was based on multiple reasons for compassionate release, not just medical conditions, and that the District Court unfairly adjudicated his motion. To the extent that Figueroa argues that the District Court should have placed less weight on the negative elements of his criminal history and more weight on his positive characteristics, we discern no clear error of judgment in the District Court's analysis of the relevant § 3553(a) factors as part of its analysis under § 3582(c)(1)(A). Those factors include "the history and characteristics of the defendant," "the need for the sentence imposed . . . to promote respect for the law,"

5

and "deterrence to criminal conduct."  See Pawlowski, 967 F.3d at 330 (quoting 18 U.S.C. § 3553(a)(1) and (2)(A)-(B)).  We have reviewed Figueroa's pro se and counseled filings and conclude that the District Court acted within its discretion to deny relief based, in part, on the proportion of the sentence served, the seriousness of his offense of conviction, his additional criminal history, and the need to deter criminal conduct.  See Pawlowski, 967 F.3d at 331.

For these reasons, we grant the Government's motion and will summarily affirm the District Court's order.  The Government's motion to be relieved of filing a brief is granted.